1  BENJAMIN B. WAGNER
   United States Attorney
2  MARK J. MCKEON
   Assistant U.S. Attorney
3  2500 Tulare Street, Suite 4401
   Fresno, California 93721
4  Telephone: (559) 497-4000



FILED

AUG 09 2012

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
                    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

1:12 CR 00254 - AWI DLB

| UNITED STATES OF AMERICA, | ) | CASE NO. |
|---|---|---|
| Plaintiff, | ) ) | VIOLATIONS: 29 U.S.C. § 501(c) - Embezzlement and Theft of |
| v. | ) ) | Labor Union Assets; 29 U.S.C. § 439(b) - False Financial |
| ADAM C. RAIMER, | ) ) | Report (2 counts); 18 U.S.C. § 1029(a)(2) - Access Device |
| Defendant(s). | ) ) ) ) | Fraud; 18 U.S.C.§ 981(a)(1)(c), 18 U.S.C. § 982(a)(2)(B), 18 U.S.C. § 1029(c)(1)(c), and 28 U.S.C. § 2461 - Criminal Forfeiture |

I N D I C T M E N T

COUNT ONE: [29 U.S.C. § 501(c) - Embezzlement and Theft of Labor Union Assets]

The Grand Jury charges:

ADAM C. RAIMER,

defendant herein, as follows:

I.  INTRODUCTION

1.  At all times material to this Indictment, Amalgamated Transit Union Local 1027 ("ATU Local 1027") was an organization that existed for the purpose of dealing with employers concerning the

terms and conditions of employment contained in collective bargaining agreements negotiated between the union and private employers. ATU Local 1027 represented bus drivers, dispatchers, and mechanics employed by MV Transportation in Fresno and Tulare, California, and bus drivers employed by the City of Fresno.

2. Between on or about 2005 through on or about April 29, 2009, defendant ADAM C. RAIMER served as Secretary-Treasurer of ATU Local 1027. His duties required him to report and maintain all records that support the receipt and disbursement of union funds. At executive board and membership meetings, RAIMER provided monthly financial reports. His day to day responsibilities were to prepare and maintain all financial records, meeting minutes, and daily correspondence of the union. RAIMER's duties as Financial Secretary-Treasurer included signing the annual financial (LM series) report with the Secretary of Labor under 29 U.S.C. § 431(b).

II. MANNER AND MEANS OF EMBEZZLEMENT

3. From on or about April 2006 through on or about April 2009, defendant ADAM C. RAIMER did embezzle, steal and unlawfully and willfully abstract and convert to his own use and the use of another the moneys, funds, securities, property, and other assets of ATU Local 1027 through the following manner and means.

4. Defendant ADAM C. RAIMER reactivated a dormant ATU Local 1027 credit account at Office Depot ("Office Depot Credit Plan") during 2006, and thereafter used the account to make unauthorized purchases for his personal benefit, including but not limited to computers, big screen television sets, a camcorder, cameras, hard drives, chairs, gift cards, a GPS navigator, and various computer accessories. Unauthorized Office Depot purchases totaled

1 | approximately $32,007.40.

2 |     5.   RAIMER also unlawfully used union funds to pay his AT&T
3 | personal cell phone expenses totaling $6,293.30 and PG&E utility
4 | bills totaling $2,727.01.

5 |     6.   RAIMER attempted to conceal his unauthorized expenditures
6 | by making or causing to be made electronic payments online, from the
7 | union's bank account at Wells Fargo Bank to Office Depot, AT&T and
8 | PG&E, in violation of the union's bylaws and past practice which
9 | required payments from union funds to be made by check with two
10 | authorized officer signatures. RAIMER further attempted to conceal
11 | his unauthorized expenditures by directing the union's Office Depot
12 | billing statements be sent to his home address instead of the union
13 | office. RAIMER intentionally failed to bring union bank statements
14 | that revealed his unauthorized online purchases to membership or
15 | executive board meetings.

16 |    III. THE EMBEZZLEMENT

17 |     7.   From on or about April 2006 through on or about April 2009,
18 | in the County of Fresno, State and Eastern District of California,
19 | defendant ADAM C. RAIMER, while an officer, that is,
20 | Secretary-Treasurer , of ATU Local 1027, a labor organization engaged
21 | in an industry affecting commerce, did embezzle, steal and unlawfully
22 | abstract and convert to his own use and the use of another the
23 | moneys, funds, securities, property, and other assets of said labor
24 | organization in the approximate amount of $41,429.65, all in
25 | violation of Title 29, United States Code, Section 501©.
26 | COUNT TWO:    [29 U.S.C. § 439(b) - False Financial Reports]
27 |    The Grand Jury further charges:
28 |                 ADAM C. RAIMER,

3

1 | defendant herein, as follows:

2 |     8.   Paragraphs 1 through and including 7, inclusive of Count
3 | One, above, are incorporated by reference as though fully set forth
4 | herein.

5 |     9.   On or about July 29, 2008, in the County of Fresno, State
6 | and Eastern District of California, the defendant ADAM C. RAIMER, did
7 | make a false statement and representation of material fact knowing it
8 | to be false and did knowingly fail to disclose a material fact in a
9 | report and document required to be filed by ATU Local 1027 with the
10 | Secretary of Labor pursuant to Section 439(b) of Title 29, United
11 | States Code, that is, annual financial report form LM-3 for the
12 | union's fiscal year ending on December 31, 2007, to wit, in Schedule
13 | 11 to said report, defendant ADAM C. RAIMER falsely stated and failed
14 | to disclose all direct and indirect disbursements, including
15 | property, goods and services, received for his personal benefit and
16 | not necessary for conducting official union business.
17 | All in violation of Title 29, United States Code, Section 439(b).
18 | COUNT THREE:   [29 U.S.C. § 439(b) - False Financial Reports]
19 |     The Grand Jury further charges:
20 |                    ADAM C. RAIMER,
21 | defendant herein, as follows:

22 |     10.   Paragraphs 1 through and including 7, inclusive of Count
23 | One, above, are incorporated by reference as though fully set forth
24 | herein.

25 |     11.   On or about April 15, 2009, in the County of Fresno, State
26 | and Eastern District of California, the defendant ADAM C. RAIMER, did
27 | make a false statement and representation of material fact knowing it
28 | to be false and did knowingly fail to disclose a material fact in a

4

report and document required to be filed by ATU Local 1027 with the Secretary of Labor pursuant to Section 439(b) of Title 29, United States Code, that is, annual financial report form LM-3 for the union's fiscal year ending on December 31, 2008, to wit, in Schedule 11 to said report, defendant ADAM C. RAIMER falsely stated and represented, and failed to disclose, all direct and indirect disbursements, including property, goods and services, received for his personal benefit and not necessary for conducting official union business.

All in violation of Title 29, United States Code, Section 439(b).

COUNT FOUR:   [18 U.S.C. § 1029(a)(2) - Access Device Fraud]

The Grand Jury further charges:

ADAM C. RAIMER,

defendant herein, as follows:

12. Paragraphs 1 through and including 7, inclusive of Count One, above, are incorporated by reference as though fully set forth herein.

13. Between on or about April 29, 2009 and August 2010, in the County of Fresno, State and Eastern District of California, and elsewhere, defendant ADAM C. RAIMER, knowingly and with intent to defraud, used an unauthorized access device as defined in subsection (e)(3), and by such conduct from on or about July 1, 2009 and ending on or about June 30, 2010, obtained things of value aggregating $1,000 or more, said used affecting interstate and foreign commerce, to wit: after the termination of his service as Secretary-Treasurer of ATU Local 1027 in April 2009, defendant ADAM C. RAIMER continued to use ATU Local 1027's Office Depot Credit Plan at Office Depot to purchase goods, services, and other things of value, including a

5

1  television and laptop computer, and this activity affected interstate
2  and foreign commerce in that charges and payments for the Office
3  Depot Credit Plan were processed in Des Moines, Iowa. All in
4  violation of Title 18, United States Code, Section 1029(a)(2).

5  FORFEITURE ALLEGATION:   [18 U.S.C. § 981(a)(1)(c), 18 U.S.C. §
                           982(a)(2)(B), 18 U.S.C. § 1029(c)(1)(c),
6                          and 28 U.S.C. § 2461 - Criminal Forfeiture]

7      14.  Paragraphs 1 through and including 13, inclusive of Counts
8  One and Four, above, are incorporated by reference as though fully
9  set forth herein for the purpose of alleging forfeiture pursuant to
10 Title 18, United States Code, Sections 981(a)(1)(c), 982(a)(2)(B),
11 1029(c)(1)(c), and Title 28, United States Code, Section 2461.
12     15.  Pursuant to Title 18, United States Code, Sections 981(a)(1)(c),
13 982(a)(2)(B), and Title 28, United States Code, Section § 2461, upon
14 conviction of the offenses set forth in Counts One and Four of this
15 Indictment, defendant ADAM C. RAIMER shall forfeit to the United
16 States, pursuant to 18 U.S.C. § 981(a)(1)(c), 982(a)(2)(B), and 28
17 U.S.C. § 2461, any property constituting, or derived from, proceeds
18 obtained directly or indirectly, as the result of such violations.
19     16.  Pursuant to Title 18, United States Code, Section 1029(c)(1)(c),
20 upon conviction of the offenses set forth in Count Four of this
21 Indictment, defendant ADAM C. RAIMER shall forfeit to the United
22 States, pursuant to 18 U.S.C. § 1029(c)(1)(c), any personal property
23 used or intended to be used to commit the offense.
24 If any of the property described above, as a result of any act or
25 omission of the defendant:
26     a.  cannot be located upon the exercise of due diligence;
27     b.  has been transferred or sold to, or deposited with, a third
28         party;

      c.    has been placed beyond the jurisdiction of the court;

      d.    has been substantially diminished in value; or

      e.    has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c). All pursuant to 18 U.S.C. §§ 981(a)(1)(c), 982(a)(2)(B), and 28 U.S.C. § 2461(c).

A TRUE BILL

/s/ Signature on file w/AUSA
_____
FOREPERSON

BENJAMIN B. WAGNER
United States Attorney

By: *David Gappa for*
    MARK E. CULLERS
    Assistant U.S. Attorney