**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>ADAM C. RAIMER,<br><br>    Defendant. | 1:12-cr-00254-LJO-SKO<br><br>**ORDER ON MOTION TO CORRECT SENTENCE PURSUANT TO FEDERAL RULE OF CRIMINAL PROCEDURE 35(a)** (Doc. 37) |

**I. INTRODUCTION**

Pending before the Court is defendant Adam C. Raimer's ("Mr. Raimer") motion to correct sentence pursuant to Federal Rule of Criminal Procedure 35(a). Mr. Raimer moves to correct the second amended judgment based on his argument that the Court did not intend to include a 5-month term of electronic monitoring as part of the special conditions of his supervised release. For the reasons discussed below, this Court DENIES Mr. Raimer's motion.

**II. DISCUSSION**

Mr. Raimer pled guilty to embezzlement and theft of labor union assets and access device fraud. On February 3, 2014, the Court sentenced him to 60-months of probation. At the sentencing hearing, the Court stated, "The Court is going to order the eight special conditions as part of probation, which I can read or incorporate." (Doc. 38, p. 14:7-9). The government and defense counsel stated that incorporation was fine. Special Condition of Supervision No. 6 requires defendant to be monitored electronically for a period of 5-months and places restrictions on his freedom of movement for the specified time period.

Mr. Raimer now argues that the Court did not intend to include this special condition of supervision as part of his sentence given that the Court did not follow probation's recommendation regarding the term of imprisonment. This contention is unavailing. Although the Court did not impose probation's recommended term of imprisonment, the Court unambiguously stated that it was going to impose the eight special conditions of supervised release. Moreover, the Court's discussion with Mr. Raimer prior to its imposition of sentence does not contradict the Court's intent to impose Special Condition No. 6 because Mr. Raimer can continue to work, pay restitution, and contribute to society during the 5-month period of electronic monitoring. Accordingly, Mr. Raimer's 5-month term of electronic monitoring was not imposed inadvertently or in error.

### III. CONCLUSION AND ORDER

For the reasons discussed above, Mr. Raimer's motion to correct sentence pursuant to Rule 35(a) is DENIED.

IT IS SO ORDERED.

Dated:   **March 6, 2014**                   /s/ Lawrence J. O'Neill
                                             UNITED STATES DISTRICT JUDGE